UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Randy Bates, | ) C/A No. 9:10-0757-CWH-BM |
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| Steve Blust;<br>Ian R. Leslie;<br>The Beaufort Gazette;<br>Walter G. Whetsell;<br>Starboard Communications;<br>William R. Folks, III; and<br>ViewPolitik, | ) |
| Defendants. | ) |

This is a diversity action for defamation brought by a *pro se* litigant. The plaintiff is a resident of Beaufort, South Carolina. The "lead" defendant, Steve Blust, is a resident of Nevada. Defendants Leslie, Whetsell, and Folks are residents of South Carolina. *The Beaufort Gazette*, Starboard Communications, and ViewPolitik are either incorporated in South Carolina or have their principal place of business in South Carolina. In the complaint, the plaintiff writes:

**COMPLAINT FOR DEFAMATION**

**I. Introduction**

1. This is an action for defamation brought by Plaintiff, Randy Bates, against the Defendants, Steve Blust, Ian R. Leslie, The Beaufort Gazette, Walter G. Whetsell, Starboard Communications, William R. Folks III, and ViewPolitik, initially

1



arising from a story published in The Beaufort gazette on March 26, 2008, and later rebroadcast by the various defendants falsely stating that Mr. Bates had committed various federal and state criminal acts in relation to his discovery of an illegal immigrant worker at a residence owned by Tom Davis in Beaufort, South Carolina.

**II. Jurisdiction**

2. This Court has diversity jurisdiction under 28 U.S.C. §1332. Mr. Bates is a citizen and resident of South Carolina. Defendant Mr. Blust is a citizen of Nevada and resides in Las Vegas. The amount in controversy exceeds $75,000, exclusive of interest and costs.

(Complaint [Entry No. 1], at pages 1-2). The allegedly defamatory statements occurred in connection with a political campaign for a state Senate seat in Beaufort County. The plaintiff seeks a jury trial, fourteen million dollars ($14,000,000) in "actual and presumed" damages, and other relief deemed just and fitting by this court.

*Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[1] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.

---

[1] *Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").



1978). As the plaintiff is a *pro se* litigant his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even when considered under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute"; *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998); and since federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (*citing Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 327, 337 (1895)). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352.

Generally, a case can be originally filed in a federal district court only if there is diversity of citizenship under 28 U.S.C. § 1332, or there if there is so-called "federal question" jurisdiction under 28 U.S.C. § 1331. Further, "[t]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds



upon which the court's jurisdiction depends", although, even if the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc.,* 191 F.3d at 399 (*citing* 2 *Moore's Federal Practice* § 8.03[3] (3rd edition 1997)).

Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999). Hence, if the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings to establish jurisdiction, the court will lack subject matter jurisdiction. *Id.* Such is the case here.

Defamation is actionable under South Carolina law. *See, e.g., Metts v. Mims*, 384 S.C. 491, 682 S.E.2d 813 (2009). Also, the tort of "outrage"[2] is actionable under South Carolina law. *See Frazier v. Badger*, 361 S.C. 94, 104, 603 S.E.2d 587, 592 (2004); and *Ford v. Hutson*, 276 S.C. 157, 276 S.E.2d 776 (1981) (recognizing cause of action, citing "with approval" four elements for cause of action adopted by the Supreme Court of Maine, and "adopt[ing] the rule of liability stated in § 46 of the Restatement (Second) of Torts relating to intentional infliction of emotional distress"). However, a state law cause of action would be cognizable in this federal court under the federal diversity statute (the stated basis of jurisdiction in this case) only if that statute's requirements are satisfied. *Cianbro Corporation v. Jeffcoat and Martin*, 804 F. Supp. 784, 788-791 (D.S.C. 1992), *affirmed*, *Cianbro Corporation v. Jeffcoat and Martin*, No. 92-2368, 10 F.3d 806 [Table], 1993 U.S.App. LEXIS 30080, 1993 WL 478836 (4th Cir., Nov. 22, 1993). The diversity

---

[2]The tort of "outrage" is the term, under South Carolina law, for the intentional infliction of emotional distress. *Ford v. Hutson*, 276 S.C. 157, 276 S.E.2d 776 (1981).



statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States[.]

28 U.S.C. § 1332.[3] Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978).

Here, complete diversity of the parties is absent because the plaintiff and at least six (Ian R. Leslie, *The Beaufort Gazzette*,[4] Walter G. Whetsell, Starboard Communications, William

---

[3]New provisions were added to the diversity statute in 2005 when the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (2005), was enacted. Those provisions are not applicable in the case *sub judice*.

[4]The diversity statute provides that a corporation is a citizen of the state of its incorporation and of the state in which it has its principal place of business:
(c) For the purposes of this section and section 1441 of this title—

> (1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business; and
>
> (2) the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State

(continued...)



Folks, and ViewPolitik) of the seven defendants are citizens of South Carolina. *See* Complaint (Entry No. 1), at pages 2-3; 28 U.S.C. 1332; and *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). Hence, this federal court lacks subject matter jurisdiction over the above-captioned case. *See* Fed. R. Civ. P. 12(h)(3), which provides: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."[5]

### *Recommendation*

Accordingly, it is recommended that the Court summarily dismiss the above-captioned case *without prejudice*.[6] *See In Re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997) (pleadings by prisoners *and* non-prisoners should also be screened); and *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-364 (2nd Cir. 2000) ("District courts . . . are . . . capable of determining when an action is frivolous. Indeed, as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce

---

[4](...continued)
>as the decedent, and the legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent.

28 U.S.C. § 1332(c).

[5]In light of this lack of subject-matter jurisdiction, this court need not address the issue of whether the plaintiff is a private figure or a public figure. *See* Complaint, at page 16, ¶ 45.

[6]Although the pro se Plaintiff paid the filing fee in this case, payment of the full filing fee does not prevent sua sponte dismissal of a case where complete diversity of parties is not present. *See Conner v. Greef*, No. 03-5986, 99 Fed.Appx. 577, 580, 2004 U.S.App. LEXIS 8397, 2004 WL 898866 (6th Cir., April 26, 2004) (even where filing fee has been paid, district court may dismiss a complaint *sua sponte* where it is "totally implausible, attenuated, unsubstantiated, frivolous, devoid of merit, or no longer open to discussion"), citing *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999), and *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974).



judicial resources."); Bulldog Trucking, 147 F.3d at 352 (sua sponte dismissal appropriate where no valid basis for jurisdiction exists].

   The plaintiff's attention is directed to the important Notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

March 30, 2010

Charleston, South Carolina


**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

